In re Joseph R. and Jo Ann ROTH, Bankrupts.

Ronald A. DaROSA, trustee in bankruptcy, Plaintiff,

v.

UNITED STATES of America, Treasury Department, Internal Revenue Service, Defendants.

Bankruptcy Nos. 76 B 7113, 76 B 7114.

United States Bankruptcy Court, N.D. Illinois, E.D.

June 18, 1982.

Mountcastle & DaRosa, Wheaton, Ill., for plaintiff.

Michael Weitzner, Dept. of Justice, Washington, D.C., and Edward Moran, Asst. U.S. Atty., Chicago, Ill., for defendants.

*Memorandum and order*

THOMAS W. JAMES, Bankruptcy Judge.

Ronald A. DaRosa, plaintiff, trustee for the estates of Joseph R. Roth and Jo Ann Roth, bankrupts, has sued the United States of America, defendant, to avoid certain tax liens and liabilities and to recover certain funds held by the United States. United States has moved to dismiss certain portions of the complaint for lack of jurisdiction and has moved for summary judgment on those portions of the complaint seeking avoidance of the 100% penalty assessment under 26 U.S.C. § 6672. Both motions of the United States will be granted. Judgment will be entered in favor of the United States and against the trustee.

This court will first state its reasons for granting the motion to dismiss. It is well settled that courts do not have jurisdiction over the United States without specific statutory authorization, and that the waiver of sovereign immunity must be strictly construed. Under 28 U.S.C.

§ 1346(a)(1) the court of claims and district courts are the only courts with jurisdiction to hear civil actions against the government for recovery of taxes allegedly erroneously assessed or collected. In § 2(a)(2A) of the Bankruptcy Act that was in effect at the time of the filing of these cases and sets forth the jurisdiction of this court Congress had vested the Bankruptcy Court with limited power to hear and determine matters relating to taxes. Congress did not give the bankruptcy court authority to grant affirmative relief against the government in regard to taxes already collected. The Bankruptcy Act does not grant power to the bankruptcy court to direct the Internal Revenue Service to turnover the proceeds of sale to the trustee.

This court does, however, have jurisdiction to determine whether the IRS has properly assessed the 100% penalty against Roth. Under 26 U.S.C. § 6672(a) a "responsible" person who willfully fails to pay withholding taxes is liable for a penalty equal to the full amount of the tax not accounted for and paid over.

██ Debtor Joseph Roth is liable to the United States for the outstanding balance due on the § 6672 assessment against him. United States on March 10, 1976 assessed a 100% penalty against Roth as an allegedly responsible person who willfully failed to turn over certain withholding taxes collected by Naperville Trucking Co. Roth formed Naperville in 1967 for the transporting of sand, gravel and other related hauling activities. Roth was the sole shareholder and president of the corporation. On December 26, 1969, Naperville sold its accounts receivable to First Claren Corporation under a factoring arrangement. First Claren was granted a security interest in Naperville's equipment, fixtures, and other assets. The Roths also personally guaranteed payment of all Naperville's indebtedness.

In 1972 or 1973 Naperville began to have financial problems more severe than that which initially prompted the factoring arrangement. These debt payment problems included difficulty in making the required payments of payroll taxes withheld from the wages of employees.

Roth recalls receiving notices from the Internal Revenue Service concerning delinquent taxes. Donald P. Smith, a revenue officer, had several conversations with Roth regarding Naperville's payment of these taxes. (Smith dep. 6.) The first conversations occurred at meetings in the early 1970's when Smith contacted Naperville's officers.

Forms 941, for reporting amounts of gross wages paid and payroll taxes withheld from the wages of employees, were prepared by a Mr. Lugiosa, a Naperville employee. Roth on occasion signed the forms submitted which were to IRS. Roth was authorized to sign checks drawn on the corporate accounts. He was the only one authorized to sign checks payable to IRS. He was also responsible for making payments to the IRS of withheld payroll taxes.

Roth after learning that Naperville had not made deposits of all its payroll tax liabilities continued operating the business and paying for supplies with available funds on a daily basis until 1975.

Sometime after the delinquencies first accrued IRS "[hung] red tags on property" as a preliminary to the seizure of corporate assets. At this time Naperville agreed to pay IRS its past due liabilities to forestall a complete shut down of the business.

Thereafter, Naperville suffered critical cash problems as a result of several of its customers filing bankruptcy petitions and not paying for services rendered. Various checks received by Naperville were returned unpaid for insufficient funds. Naperville also had checks returned for insufficient funds. (Roth dep. 11.) Because of these cash difficulties, Roth directed First Claren to make direct payments to IRS to satisfy Naperville's delinquent obligations. During this period Naperville's daily billings of approximately $2,000 to $8,000 were forwarded to First Claren daily. First Claren sent a check to Naperville for the amount of the billings less any finance charge or other amounts retained pursuant

to the factoring agreement. Pursuant to Roth's written direction First Claren retained 10% of the daily amount of net receivables and forwarded these funds weekly to IRS. Roth signed the weekly checks. First Claren and Roth continued sending direct payments to IRS until the close of Naperville's business in 1975.

Roth does not recall the exact amount of the weekly payments. However, Roth has no reason to believe that IRS failed to give Naperville proper credit for all the checks forwarded by First Claren. [Written records regarding the tax payments no longer exist.] While the 10% was used to pay the delinquent taxes, Roth used the remaining 90% to make payroll, pay current expenses, and to keep the machinery running in order to stay in business.

Naperville has filed a bankruptcy petition and has been adjudicated a bankrupt. When Naperville ceased doing business IRS was owed the following payroll taxes:

| Quarter | Unpaid Balance of Assessment |
|---|---|
| 3rd q. 1972 | $ 8,177.61 |
| 4th q. 1972 | 20,797.99 |
| 2nd q. 1973 | 14,385.23 |
| 3rd q. 1973 | 11,240.27 |
| 4th q. 1973 | 8,718.30 |
| 4th q. 1974 | 18,825.23. |

On February 11, 1976 Roth signed a form 2751, consenting to the assessment and collection of a 26 U.S.C. § 6672 penalty against him in the total sum of $67,340.10. On March 10, 1976 IRS assessed the $67,-340.10 against Roth. A Notice of Federal Tax Lien with respect to this assessment was filed April 27, 1976. On August 9, 1976 IRS seized Roth's property at 350 Fishlane Road, Oxford, Wisconsin. Thereafter, Roth filed his voluntary petition in bankruptcy. IRS sold this property on October 14, 1976 and applied the proceeds of sale against balance owed on the § 6672 assessment.

The court finds and concludes that Roth was assessed as a responsible person who wilfully failed to collect, truthfully account for and pay over payroll taxes for Naperville's employees and that judgment will be entered in the United States's favor. Roth

was Naperville's president and sole shareholder. He had the authority and did control Naperville business operations and the use of its funds. Roth chose to use funds properly payable to IRS to continue the business. At Roth's direction Naperville purchased supplies needed to keep the business going until 1975. He used funds to make payroll and pay current expenses even while accruing greater indebtedness to the United States.

It is therefore ordered that motions of the United States to dismiss and for summary judgment are granted. It is further ordered the allegations of the complaint of Ronald A. DaRosa, trustee of the estates of Joseph R. Roth and Jo Ann Roth, bankrupts, seeking refund of amounts collected and applied to § 6672 assessment and invalidation of federal tax liens against Naperville Trucking Co. are dismissed. It is further ordered that judgment is entered in favor of the United States of America, defendant, and against Ronald A. DaRosa, trustee of the estates of Joseph R. Roth and Jo Ann Roth, bankrupts, on the issue of whether bankrupt Joseph R. Roth is liable to the United States for the outstanding balance due on the § 6672 assessment and the complaint is dismissed as to this issue.